UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANN CORTEZ, | Case No. EDCV 05-857-JTL |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| JO ANNE B. BARNHART, Commissioner of Social Security, | |
| Defendant. | |

On September 20, 2005, Joann Cortez ("plaintiff") filed a Complaint seeking review of the Commissioner's denial of plaintiff's application for supplemental security income benefits. On October 3, 2005, the parties filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. Thereafter, on March 21, 2006, defendant filed an Answer to Complaint. On May 17, 2006, the parties filed their Joint Stipulation.

The matter is now ready for decision.

///

///

///

**BACKGROUND**

On May 1, 2000 and June 28, 2001, plaintiff filed applications for supplemental security income. (Administrative Record ["AR"] at 62-64, 65-67). In her application, plaintiff claimed that, beginning on April 1, 2000, diabetes, skin cancer, and manic depression prevented her from working. (AR at 116). The Commissioner denied plaintiff's application for benefits both initially and upon reconsideration. (AR at 28-35, 44-47, 40-43). On October 2, 2001, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR at 56).

On October 22, 2002, the ALJ conducted a hearing in San Bernardino, California. (AR at 271-91). Plaintiff appeared at the hearing with counsel and testified. (AR at 274-83). Joseph Malancharuvil, a medical expert, and Roxane Minkus, a vocational expert, also appeared and testified. (AR at 283-87, 287-90). On December 5, 2002, the ALJ issued her decision denying benefits. (AR at 12-15). On or about January 3, 2003, plaintiff filed a request with the Appeals Council for review of the ALJ's decision. (AR at 7). Upon review of plaintiff's request, the Appeals Council affirmed the ALJ's decision. (AR at 4-5).

Plaintiff appealed the ALJ's decision to this Court. On September 3, 2003, plaintiff and the Commissioner stipulated to a remand pursuant to sentence four of 42 U.S.C. § 405(g). (AR at 360-61). On remand, the ALJ was instructed to reevaluate whether plaintiff could perform her past relevant work, specifically to consider the specific vocational backgrounds necessary for each of her past jobs, consider third party testimony, and, if necessary, to seek supplemental vocational evidence. (AR at 361).

1    On May 17, 2004, the ALJ conducted a hearing in San Bernardino, California. (AR at 426-65). Plaintiff appeared at the hearing with counsel and testified. (AR at 430-51). Joseph Malancharuvil, Ph.D., a medical expert, and Corenne Porter, a vocational expert, also appeared and testified. (AR at 451-54, 454-57). Velma Garza, a witness for plaintiff, also testified. (AR at 457-64).

Thereafter, the ALJ issued her decision denying benefits. (AR at 299-305). In her decision, the ALJ concluded that plaintiff's obesity, diabetes, depressive disorder, not otherwise specified, and mixed personality disorder with passive aggressive and dependent features constitute a severe impairment. (AR at 300-01). According to the ALJ, however, this impairment did not meet or equal any of the criteria contained in the Commissioner's Listing of Impairments, 20 C.F.R. Section 404, Subpart P, Appendix 1. (AR at 301). The ALJ also found that, based upon plaintiff's residual functional capacity, plaintiff retained the capacity to perform light or sedentary work of a cleaner (office or hotel), small parts assembler, and production inspector. (AR at 304). Ultimately, the ALJ found that plaintiff was not disabled pursuant to the Social Security Act. (Id.).

On April 19, 2005, plaintiff filed a request with the Appeals Council for review of the ALJ's decision. (AR at 295). Upon review of plaintiff's request, the Appeals Council affirmed the ALJ's decision. (AR at 292-94).

///
///
///
///
///

**PLAINTIFF'S CONTENTIONS**

Plaintiff makes the following claims in the parties' Joint Stipulation:

1. The ALJ failed to properly consider the opinion of disability submitted by the treating physician.

2. The ALJ failed to properly discuss or consider the side effects from plaintiff's medications on her ability to work.

3. The ALJ erred by adopting the testimony of the vocational expert that was not consistent with her own assessed residual functional capacity.

**STANDARD OF REVIEW**

The Court reviews the ALJ's decision under 42 U.S.C. § 405(g) to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401 (1971); Desrosiers v. Secretary of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the ALJ's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

**DISCUSSION**

**A.     The ALJ's Consideration of the Treating Physician's Opinion**

Plaintiff asserts that the ALJ failed to address the opinion of plaintiff's treating physician, who opined that plaintiff suffered from a temporary disability. This failure to address the treating physician's assessment, she argues, constitutes error.

A treating physician's opinion is not conclusive as to either functional limitations or the ultimate issue of disability. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995). The proper weight that an ALJ should give to a treating physician's opinion depends on whether sufficient data supports the opinion and whether the opinion comports with other evidence in the record. See 20 C.F.R. §§ 404.1527, 416. 927.

Nonetheless, the medical opinion of plaintiff's treating physician is entitled to special weight. Reddick v. Chatter, 157 F.3d 715, 725 (9th Cir. 1998). Even when no other medical evidence contradicts that opinion, the ALJ must present clear and convincing reasons for disregarding the opinion of a treating physician. See Andrews, 53 F.3d at 1041; see also Montijo v. Secretary of Health and Human Services, 729 F.2d 599, 601 (9th Cir. 1984). When the treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject the treating physician's opinion without providing specific and legitimate reasons supported by substantial evidence in the record. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995); see also Saelee v. Chater, 94 F.3d 520 (9th Cir. 1996). Specific and legitimate reasons can be set forth by a "detailed and thorough summary of the facts and conflicting clinical evidence, stating [the ALJ's] interpretation thereof, and making findings." Reddick v.

5

Chater, 157 F.3d 715, 725 (9th Cir. 1998). More than just rendering conclusions, the ALJ must set forth interpretations and explain why his interpretations, rather than the physician's, are correct. Id.

On February 8, 2002, plaintiff's treating physician, L. Pham, M.D., completed a Medical Report regarding plaintiff's medical condition and ability to work. (AR at 237). Dr. Pham diagnosed plaintiff with diabetes mellitus, stress, and depression. (Id.). Dr. Pham opined that plaintiff should avoid stress, exertion, and repetitive movement. (Id.). The doctor further opined that plaintiff was temporarily disabled from November 27, 2001 to June 1, 2002. (Id.). The ALJ failed to mention Dr. Pham's assessment in her decision in any context.

Given the special weight accorded treating physicians, the Court finds that the ALJ's failure to even acknowledge Dr. Pham's opinion of disability constitutes error. Defendant argues that such omission was harmless and that, in any event, Dr. Pham's opinion was brief, conclusory, and unsupported by the objective evidence. (Joint Stip. at 4). In the Joint Stipulation, defendant then addresses the ways in which Dr. Pham's opinion was not supported by the corresponding Arrowhead Regional Medical Center treatment records. (Joint Stip. at 4-5). Defendant's attempt to justify the ALJ's rejection of the treating physician's opinion *post hoc* is not sufficient to cure the error. See Vista Hill Found. v. Heckler, 767 F.2d 556, 559 (9th Cir. 1985)(a reviewing court may affirm an administrative decision only on grounds articulated by the agency); Barbato v. Commissioner of Social Sec. Admin., 923 F. Supp. 1273, 1276 (C.D. Cal. 1996)(a court may remand if the decision of the ALJ as to claimant's entitlement to benefits on its face does not adequately explain how a conclusion was

reached, even if Social Security Administration can offer proper post hoc explanations for such unexplained conclusions).

The Ninth Circuit permits an ALJ to rely on an absence of objective findings to reject a treating physician's opinion. <u>Johnson v. Shalala</u>, 60 F.3d 1428, 1432 (9th Cir. 1995) (inadequate clinical findings provide specific and legitimate basis for ALJ to reject treating physician's opinion); <u>Buckhart v. Bowen</u>, 856 F.2d 1335, 1339 (9th Cir. 1988) (proper to disregard uncontroverted treating physician's opinion when he fails to provide objective descriptions of medical findings); <u>cf.</u> <u>Embrey v. Bowen</u>, 849 F.2d 418, 421 (9th Cir. 1988) (improper to reject treating physician's opinion where he provided at least some objective observations and laboratory and x-ray testing in addition to subjective opinions).

Nevertheless, an ALJ may not reject a treating physician's opinion for lacking supporting clinical data or explanation without first re-contacting the physician to determine whether such supporting clinical data exists. In particular, 20 C.F.R. 404.1512(e)(1), in pertinent part, states:

> We will first recontact your treating physician or psychologist or other medical source to determine whether the additional information we need is readily available. We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, <u>the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and</u>

<u>laboratory diagnostic techniques</u>.

20 C.F.R. 404.1512(e)(1) (emphasis added). Thus, unless an ALJ complies with his duty to re-contact the treating physician, an ALJ cannot validly cite a lack of clinical data or explanation to reject the treating physician's opinion. See <u>Cleveland v. Apfel</u>, 99 F. Supp. 2d 374, 380 (S.D.N.Y. 2000) (remanding case to ALJ for failure to re-contact treating physician before rejecting opinion and stating, "When the opinion submitted by a treating physician is not adequately supported by clinical findings, the ALJ must attempt, <u>sua sponte</u>, to develop the record further by contacting the treating physician to determine whether the required information is available"); <u>see also</u> <u>Corey v. Barnhart</u>, 2002 WL 663130, at *5 (S.D. Ind. March 14, 2002) ("The ALJ discredited Dr. Ciulla's opinion because of the lack of objective findings, and there is no indication in the record that the ALJ recontacted Dr. Ciulla to find out whether he had any findings or other information to support his opinion. The ALJ's failure to do so was error."). Thus, to the extent defendant contends that Dr. Pham's assessment was not adequately supported by objective evidence, the ALJ should have recontacted Dr. Pham to determine whether she based her assessment of temporary disability on any objective findings.

Defendant also argues that Dr. Pham's assessment of temporary disability did not meet the twelve month durational requirement. (Joint Stip. at 5-6). Disability is defined as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §

404.1505(a). After her examination by Dr. Pham on February 8, 2002, plaintiff missed her next scheduled appointment on March 28, 2002. (AR at 233). Thereafter, no additional records from treating physicians were submitted as part of the record.[1] As such, the Court is unable to determine whether Dr. Pham or any other treating physician found that plaintiff was disabled after June 1, 2002, which was the end of the period of time for which Dr. Pham found plaintiff temporarily disabled. The ALJ's failure to specifically address the treating physician's opinion was an error that is not harmless. To find otherwise would render meaningless the requirement that an ALJ provide specific and legitimate reasons in her opinion rejecting a treating physician's opinion.

**B.    Remand is Required to Remedy the Defects in the ALJ's Decision**

The choice of whether to reverse and remand for further administrative proceedings, or to reverse and simply award benefits, is within the discretion of the Court. McAlister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). Remand is appropriate where additional proceedings would remedy the defects in the ALJ's decision, and where the record should be developed more fully. McAlister, 888 F.2d at 603; Rodriguez v. Bowen, 876 F.2d 759, 763 (9th Cir. 1990). An award

---

[1] After Dr. Pham's assessment of disability, two consultative examiners performed evaluations on plaintiff and found her to be capable of work. On April 2, 2004, Linda M. Smith, M.D., performed a Complete Psychiatric Evaluation and completed a Medical Source Statement of Ability to Do Work-Related Activities (Mental) of plaintiff and found no impairment in her functional assessment. (AR at 398-409). Similarly, on April 13, 2004, Nicolas Nassar, M.D., performed a Complete Internal Medicine Evaluation and completed a Medical Source Statement of Ability to Do Work-Related Activities (Physical) and found no restrictions on plaintiff's ability to functions. (AR at 386-94).

of benefits is appropriate where no useful purpose would be served by further administrative proceedings, see Gamble v. Chater, 68 F.3d 319, 322-23 (9th Cir. 1995), where the record has been fully developed, see Schneider v. Commissioner of the Social Security Administration, 223 F.3d 968, 976 (9th Cir. 2000); Ramirez v. Shalala, 8 F.3d 1449, 1455 (9th Cir. 1993), or where remand would unnecessarily delay the receipt of benefits.  See Smolen, 80 F.3d at 1292.

For the foregoing reasons, the Court finds remand appropriate. The ALJ's failure to address Dr. Pham's opinion of disability, albeit temporary disability, constitutes error.  On remand, the ALJ must provide specific and legitimate reasons supported by substantial evidence in the record to support her decision to reject the restrictions imposed by the treating physician.[2]

///
///
///
///
///
///
///

---

[2] In the Joint Stipulation, plaintiff also contends that the ALJ erred in failing to properly discuss or consider the side effects from plaintiff's medications on her ability to work and by adopting the testimony of the vocational expert that was not consistent with her own assessed residual functional capacity. As explained above, however, the ALJ's errors in rejecting the treating physician's assessment constitute sufficient reason to remand this case.  Moreover, depending on the outcome of the proceedings on remand, the ALJ will have an opportunity to address plaintiff's other arguments again.  In any event, the ALJ should consider all the issues raised by plaintiff in the Joint Stipulation when determining the merits of plaintiff's case on remand.

10

**ORDER**

The Court, therefore, VACATES the decision of the Commissioner of Social Security Administration and REMANDS the case for further administrative proceedings consistent with the Memorandum Opinion and Order.

DATED: August 2, 2006

　　　　　　　　　　　　　　　　　　　　／s／
　　　　　　　　　　　　　　　　JENNIFER T. LUM
　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE